UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

DONELL FREEMAN,

        Plaintiff,

v.

HASMI KABEERUDIN, MD, et al.,

        Defendants.

Civil Action No. 18-7802 (BRM)

**MEMORANDUM AND ORDER**

**THIS MATTER** is opened to the Court by *pro se* Plaintiff Donnell Freeman ("Plaintiff"), a prisoner currently confined at South Woods State Prison in Bridgeton, New Jersey, upon the filing of a Motion for Leave to File an Amended Complaint in his civil rights action pursuant to 42 U.S.C. § 1983.[1] (ECF No. 4.)

Federal law requires this Court to screen Plaintiff's Amended Complaint for *sua sponte* dismissal prior to service, and to dismiss any claim if the claim fails to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6) and/or to dismiss any defendant who is immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B).

The Court has screened the Amended Complaint in this action for dismissal and has determined Plaintiff's denial of medical care claim against Defendant Kabeerudin shall proceed. Any intended claim against "MCC; Medical Dept." is dismissed because Monmouth County Correctional Center is not a "person" amenable to suit under § 1983. *See Barrett v. Essex Cty. Corr. Facility*, No. 15-595, 2015 WL 1808523, at *3 (D.N.J. Apr. 16, 2015) ("A county jail ... is not a person subject to suit under § 1983."); *Ingram v. Atl. Cty. Justice Facility*, No. 10–1375, 2011 WL 65915, *3 (D.N.J.

---

[1] Plaintiff also filed a second Motion for Leave to File an Amended Complaint. (ECF No. 6.) However, the "Motion" consists only of a boilerplate form complaint with no actual facts alleged. As such, this second "Motion" is denied.

Jan. 7, 2011) (county jail is not a person under § 1983); *Slagle v. Cty. of Clarion*, 435 F.3d 262, 264 n.3 (3d Cir. 2006) (observing the district court dismissed a county jail as a defendant because it is not a "person" under federal civil rights law). Even construing the claim as one against Monmouth County, the Court would still dismiss it as Plaintiff fails to identify a policy or custom that allegedly caused his injury. *Jewell v. Ridley Township*, 497 F. App'x 182, 185 (3d Cir. 2012) (quoting *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 694 (1978)) ("A municipality may only be held liable under Section 1983 if the plaintiff identifies a municipal 'policy' or 'custom' that was the 'moving force' behind the injury.").

Accordingly, and for good cause appearing,

**IT IS** on this 5th day of February 2019,

**ORDERED** that Plaintiff's first Motion for Leave to File an Amended Complaint (ECF No. 4) is **GRANTED**; Plaintiff's second Motion for Leave to File an Amended Complaint (ECF No. 6) is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Clerk of the Court shall make a new and separate entry marking this matter **RE-OPENED**; and it is further

**ORDERED** that Plaintiff's denial of medical care claim against Defendant Kabeerudin shall **PROCEED** at this time; all other claims are **DISMISSED WITHOUT PREJUDICE**; to the extent Plaintiff wishes to file a second amended complaint to address the deficiencies identified herein, he may seek leave to do so through a properly filed motion which complies with all federal and local rules; and it is further

**ORDERED** that, the Clerk shall mail to Plaintiff a transmittal letter explaining the procedure for completing United States Marshal ("Marshal") 285 Forms ("USM-285 Forms"); and it is further

**ORDERED** that, once the Marshal receives the USM-285 Forms from Plaintiff and the Marshal so alerts the Clerk, the Clerk shall issue summons in connection with each USM-285 Form

that has been submitted by Plaintiff, and the Marshal shall serve summons, the Complaint and this Order to the address specified on each USM-285 Form, with all costs of service advanced by the United States; and it is further

**ORDERED** that Defendant shall file and serve a responsive pleading within the time specified by Federal Rule of Civil Procedure 12; and it is further

**ORDERED** that the Clerk of the Court shall serve Plaintiff with copies of this Order via regular mail.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**