**Form No. 15:100 Motion for Leave to File Supplemental Pleading**

_Donell Freeman_ [name of attorney]
_215 Burlington_ [name of firm]
_Rd. Bridgetdal_ [street address]
_NJ_ [phone number]
_____ [fax number]
_____ [e-mail address]
_____ [state bar i.d. number]
Attorneys for _pro se litigANt_ [name of party]

**RECEIVED**

**AUG 03 2018**

AT 8:30_____M
WILLIAM T. WALSH CLERK

UNITED STATES DISTRICT COURT
_____ District of _____

|  |  |
|---|---|
| _Donell Freeman_ [Name of) | No. 18-7802 (BRM) |
| plaintiff),) | MOTION FOR LEAVE TO FILE |
| Plaintiff) | SUPPLEMENTAL [COMPLAINT _OR_ ANSWER] |
| vs.) | (Fed. R. Civ. P. 15(d)) |
| (Hashmi, kabee Rudd in) | Hearing Date: _____ |
| (Also mcc, medical Dept.) [Name of) | Hearing Time: _____ |
| defendant],) | Courtroom: _____ |
| Defendant) |  |

_Amendment._

FourteAnth deprivATioN, and Eight AmenD dAmAges To seriovs medical NeeDS.
CompeNsATory,and puNiTive.        _Relief Sought_

_Donell Freeman_ [Name of moving party], _plAiNtiff_ [plaintiff or defendant],
moves the court for leave to file a supplemental _and AmenD_ [complaint or answer
or counterclaim or other pleading], a copy of which is attached to this motion as Exhibit _A1_.

_Grounds for Relief_

_Donell Freeman_ [Plaintiff _or_ Defendant] makes this motion at this time because the events
set forth in the supplemental _Complaint_ [complaint or answer or counterclaim or other
pleading] have occurred since the time that the original pleadings in this matter were filed, they are
sufficiently related to the issues and transactions that are already before the court that their joinder would
not unduly delay the proceedings and would not prejudice any party, the court could not properly
determine the matters currently before it without consideration of these new facts, and it is in the interests
of justice that all of the issues between the parties be litigated in a single action.

_Supporting Papers_

This motion is based on the pleadings and papers on file in this action, this motion, the attached
Notice of Motion and Exhibit _A1_, the accompanying memorandum of points and authorities, [add, if
appropriate: the affidavit of _pleadingi AmenD._] and whatever evidence and argument is presented
at the hearing of this motion.
Dated: _7-18-2018_

_____   [*firm name*]
By: _____   [*signature*]
_____   [*typed name*]
_____   [*address*]
_____   [*phone number*]
_____   [*e-mail address*]
Attorneys for _____

[*Attach copy of proposed pleading, notice of motion and proof of service, memorandum of points and authorities, and any other matter on which motion will be based*].

**Form No. 15:101 Order Granting Leave to File Supplemental Pleading**

<br>

UNITED STATES DISTRICT COURT
_____ District of _____

<br>

_____

Donell Freeman [*Name of*
  *plaintiff*],
  Plaintiff
  vs.
(Mcci medical Dept) [*Name of*
also Hashmi, Kabeeruddin  *defendant*],
Acting physician       Defendant

No. 18-7802 (BRM)
ORDER GRANTING LEAVE TO FILE
SUPPLEMENTAL [COMPLAINT *OR* ANSWER]
(Fed. R. Civ. P. 15(d))

On 7-18-2018 [*date*], Donell, Freeman [plaintiff *or* defendant] filed a motion for an order for leave to file a supplemental Amend [complaint *or* answer *or* counterclaim *or other pleading*]. The motion was duly noticed and came on regularly for hearing on _____ [*date*]. _____ [*Name of plaintiffs attorney*], of _____ [*name of firm*], appeared and argued for the plaintiff. _____ [*Name of defendants attorney*], of _____ [*name of firm*], appeared and argued for the defendant.

The court read the papers submitted in support of and in opposition to the motion, and considered the argument of counsel, and it appears that justice would be served if the motion were granted. Therefore,

IT IS ORDERED that:

1. The motion is GRANTED;

2. _____ [Plaintiff *or* Defendant] is granted leave to file _____ [his *or* her *or* its] supplemental _____ [complaint *or* answer *or* counterclaim *or other pleading*] as attached to the motion.

3. _____ [Plaintiff *or* Defendant] must file and serve this pleading no later than _____ [*date*].

4. _____ [Defendant *or* Plaintiff] may respond to the supplemental pleading within _____ [*number*] days after service is completed.

Dated: _____

_____ [*signature*]

Classified to U.S. Supreme Court Digest, Lawyers' Edition

**Pleading 130 - pro se complaint**

1. The United States Supreme Court holds allegations of a pro se complaint to less stringent standards than formal pleadings drafted by lawyers.

**Pleading 130 - failure to state a claim**

2. A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

**Civil Rights 10; Pleading 179 - solitary confinement**

3. In a suit under 42 USC 1983, which gives a right of action for the deprivation of civil rights under color of state law, a state penitentiary inmate is entitled to an opportunity to offer proof under his pro se allegations that he was denied due process in the steps leading to his solitary confinement and that in solitary confinement he was forced to sleep on the floor of a cell with only blankets, which aggravated a pre-existing foot injury and a circulatory ailment.

### APPEARANCES OF COUNSEL ARGUING CASE

*Stanley A. Bass* argued the cause for petitioner.

*Warren K. Smoot* argued the cause for respondents, pro hac vice, by special leave of court.

Briefs of Counsel, p.926, infra.

### OPINION

### Per Curiam

Petitioner, an inmate at the Illinois State Penitentiary, Menard, Illinois, commenced this action against the Governor of Illinois and other state officers and prison officials under the Civil Rights Act of 1871, 17 Stat 13, 42 USC 1983, and 28 USC 1343(3), seeking to recover damages for claimed injuries and deprivation of rights while incarcerated under a judgment not challenged here.

### [404 US 520]

Petitioner's pro se complaint was premised on alleged action of prison officials placing him in solitary confinement as a disciplinary measure after he had struck another inmate on the head with a shovel following a verbal altercation. The assault by petitioner on another inmate is not

denied. Petitioner's pro se complaint included general allegations of physical injuries suffered while in disciplinary confinement and denial of due process in the steps leading to that confinement. The claimed physical suffering was aggravation of a pre- existing foot injury and a circulatory ailment caused by forcing him to sleep on the floor of his cell with only blankets.

The District Court granted respondents' motion under Rule 12(b) (6) of the Federal Rules of Civil Procedure to dismiss the complaint for failure to state a claim upon which relief could be granted, suggesting that only under exceptional circumstances should courts inquire into the internal operations of state penitentiaries and concluding that petitioner had failed to show a deprivation of federally protected rights. The Court of Appeals affirmed, emphasizing that prison officials are vested with "wide discretion" in disciplinary matters. We granted certiorari and appointed <*pg. 654> counsel to represent petitioner. The only issue now before us is petitioner's contention that the District Court erred in dismissing his pro se complaint without allowing him to present evidence on his claims.

[1][2] Whatever may be the limits on the scope of inquiry of courts into the internal administration of prisons, allegations such as those asserted by petitioner, however inartfully pleaded, are sufficient to call for the opportunity to offer supporting evidence. We cannot say with assurance that under the allegations of the pro se complaint, which we hold to less stringent standards than formal pleadings drafted by lawyers, it appears

### [404 US 521]

"beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v Gibson, 355 US 41, 45-46 (1957), 2 L Ed 2d 80, 84, 78 S Ct 99. See Dioguardi v Durning, 139 F.2d 774 (CA2 1944).

[3] Accordingly, although we intimate no view whatever on the merits of petitioner's allegations, we conclude that he is entitled to an opportunity to offer proof. The judgment is reversed and the case is remanded for further proceedings consistent herewith.

Reversed and remanded.

Mr. Justice *Powell* and Mr. Justice *Rehnquist* took no part in the consideration or decision of this case.

**30 LED2D 652, 404 US 519  HAINES v KERNER**

**FRANCIS HAINES, Petitioner,**

*vs.*

**OTTO J. KERNER, Former Governor, State of Illinois, et al.**

## 404 US 519, 30 L Ed 2d 652, 92 S Ct 594, reh den 405 US 948, 30 L Ed 2d 819, 92 S Ct 963

[No. 70-5025]

**Argued December 6, 1971.**

**Decided January 13, 1972**

### SUMMARY

An Illinois State Penitentiary inmate sued state officials pro se in the United States District Court for the Eastern District of Illinois, seeking damages for a deprivation of his civil rights and alleging (1) a denial of due process in the steps leading to his solitary confinement and (2) physical injuries suffered while in solitary confinement.  The District Court dismissed the complaint for failure to state a claim upon which relief could be granted, and the United States Court of Appeals for the Seventh Circuit affirmed (427 F.2d 71).

On certiorari, the United States Supreme Court reversed.  In a per curiam opinion, expressing the unanimous views of the court, it was held that since it did not appear beyond doubt that the inmate could prove no set of facts in support of his claim which would entitle him to relief, he was entitled to an opportunity to offer proof.

Powell and Rehnquist, JJ., did not participate.

### RESEARCH REFERENCES

21 Am Jur 2d, Criminal Law 615

US L Ed Digest, Civil Rights 10; Pleading 179

ALR Digests, Criminal Law 180

L Ed Index to Anno, Civil Rights; Pleading

ALR Quick Index, Complaint, Petition, or Declaration; Sentence and Punishment

Federal Quick Index, Civil Rights; Federal Rules of Civil Procedure<*pg. 653>

### HEADNOTES

*FYI...*

*SWSP*

### ST. FRANCIS MEDICAL CENTER
### 601 HAMILTON AVENUE
### TRENTON, NJ 08629

## OPERATIVE REPORT

1103525

**NAME:** DONELL FREEMAN
**DATE OF BIRTH:** 12/25/1975 — 41
**DATE OF SURGERY:** 12/12/2017
**SURGEON:** Scott Miller, MD

**MR#:** 440362
**ACCOUNT #:** 401700782420
**ROOM #:** A54001

BN MD 12/13/17

Exbit A1

**PREOPERATIVE DIAGNOSES:**
Severe osteoarthritis, left hip, status post single screw fixation of hip, most likely for slipped capital femoral physis.

**POSTOPERATIVE DIAGNOSES:**
Severe osteoarthritis, left hip, status post single screw fixation of hip, most likely for slipped capital femoral physis.

**OPERATIONS PERFORMED:**

1. Removal of deep hardware, left hip.
2. Left total hip arthroplasty.

**SURGEON:**
Scott Miller, MD

**ASSISTANT:**
Carol Landau, RNFA

**ANESTHESIOLOGIST:**
Dr. Loesberg.

**ANESTHESIA:**
Spinal with Duramorph.

**INDICATION FOR SURGERY:**
Severe arthritis of the hip and difficulty walking. The patient has maximized conservative care.

**FINDINGS ON SURGERY:**
The hip was very stiff, the capsule quite contracted. Femoral head was in a posterior placement compared to the shaft consistent with a slipped capital femoral physis. Bone quality was acceptable.

**SPECIMEN TO THE LABORATORY:**
Resected femoral head, screw, and associated soft tissue.

**IMPLANTS USED FOR THE CASE:**
Zimmer Biomet Taperloc hip stem 12 mm nominal size with 36 mm Biolox ceramic femoral head -6 mm neck length head adapter, a 58 mm acetabular component with 3 bone screws 25, 25, and 20 mm, and apical bone plug and size-G 36 mm inner

### OPERATIVE REPORT
### Page 1 of 4

**South Woods State Prison-Facility Three**     *February 19, 2018*
Bridgeton, NJ                                                          Page 1
Fax:                                                      Diagnostic Report Other

## DONNELL FREEMAN
Male  DOB:12/25/1975  Booking #:1103525  SBI:000932683B
Ins: NJDOCIC (NJDOCIP)

**09/15/2011 - Diagnostic Report Other: XRAY/left hip**     Exibit A1
**Provider: Francis Meo, MD**
**Location of Care: NJ Department of Corrections**

XRAY

ORDERING PROVIDER: FRANCIS MEO

Exam: HIP LEFT-2V, LEFT
Results: There is a surgical fixation of a left femoral neck fracture that is totally
healed with resultant deformity.  Femoral head is in alignment within the acetabular
fossa.  The pubic rami are unremarkable.
Conclusion: Old healed femoral neck fracture.
Electronically signed by REONO BERTAGNOLLI, M.D. 9/15/2011 4:46:55 PM EDT.


(SIGNED BY RADIOLOGIST): REONO BERTAGNOLLI
DATE OF SERVICE: 09/15/2011
NAME: DONELL FREEMAN
DOB: 12/25/1975
SBI#: 000932683B
Provider: MOBILEX
Code: 73510

**Electronically Signed by Francis Meo, MD on 09/16/2011 at 12:53 PM**

Exibit A1

## Monmouth County Correctional Institution

 **vRad®**

#1103525

**Final Radiology Report**

24/7/365 assistance    **Call: 866.941.5695**
Online chat: https://access.vrad.com

| | | | |
|---|---|---|---|
| **Patient Name:** | FREEMAN, DONELL | **MRN:** | 26184 |
| **DOB (Age):** | 12/25/1975 39 | **Gender:** | M |
| **Date of Exam:** | 12/02/2015 | **Accession:** | |
| **Referring Physician:** | Hashmi, Kabeeruddin | **# of Images:** | 2 |
| **Ordered As:** | XR HIP 1 VIEW UNILAT | | |

**EXAM:**
XR Left Hip, 1 View.

**CLINICAL HISTORY:**
39 years old, male; Signs and symptoms; Other: Limping gait; Additional info:

**TECHNIQUE:**
Frontal view of the left hip.

**EXAM DATE/TIME:**
Exam ordered 12/2/2015 10:21 AM

**COMPARISON:**
No relevant prior studies available.

**FINDINGS:**
Bones: Single cancellus screw within the proximal left femur. No acute fracture.
Joints: Deformity of the left hip and acetabulum. Chronic. Severe degenerative changes.
Soft tissues: non contributory.

**IMPRESSION:**
Deformity of the left hip and acetabulum. Chronic. Severe degenerative changes.

*Severe Arthritis*

Thank you for allowing us to participate in the care of your patient.    *W 12 3/15*

Dictated and Authenticated by: McDonnell, Kevin, MD
12/03/2015 1:05 PM Eastern Time (US & Canada)

**CONFIDENTIALITY STATEMENT**
This report is intended only for use by the referring physician, and only in accordance with law. If you received this in error, call 866-941-5695.

**South Woods State Prison-Facility Three**
Bridgeton, NJ
Fax:

*February 19, 2018*
Page 1
Diagnostic Report Other

## DONNELL FREEMAN
Male  DOB:12/25/1975  Booking #:1103525  SBI:000932683B
Ins: NJDOCIC (NJDOCIP)

*EXibit A1*

**09/06/2017 - Diagnostic Report Other: XRAY L hip**
**Provider: Lisa Renee Mills, RN, NP**
**Location of Care: NJ Department of Corrections**

XRAY

ORDERING PROVIDER: LISA MILLS

HIP UNI W OR W/O PELVIS 2-3 V, LEFT
Results: No comparison studies available.
There is a solitary threaded screws stabilizing a fracture deformity involving the
proximal left femur which is most likely chronic. Correlate clinically. There is
joint space narrowing and degenerative changes. No displaced pubic rami fractures.
There is nonspecific adjacent soft tissue swelling.
Conclusion: Postoperative changes stabilizing a fracture deformity involving the
proximal left femur which is most likely chronic. Correlate clinically. Degenerative
changes of the left hip noted. Recommend comparison to prior studies to assess stability.
Electronically signed by JEFFREY B BERNFIELD, M.D. 9/6/2017 3:07:49 PM EDT.

(SIGNED BY RADIOLOGIST): JEFFREY BERNFIELD   *recent?*
DATE OF SERVICE: 09/06/2017
NAME: DONELL V FREEMAN
DOB: 12/25/1975
SBI#: 000932683B
Provider: MOBILEX
Code: 73502

**Electronically Signed by Lisa Renee Mills, RN, NP on 09/06/2017 at 3:19 PM**

---

*Company  Zimmer Biomet*
*Hip stem - Taper Loc  stem*
*gm  36 mm  Zirconia ceramic ball*

*Cup  -*

To Amend Complaint

Pursuant to Fed.R. of Civil Procedure: Motion For Leave to Amend and Supplemental Pleadings. Rule 15.
(The Plaintiff states as an defense; Hathaway V. Coughlin, 37 F3d 63 (2d Cir 1994)

① Plaintiff states an 1983 Respondent Superi liability claim against Monmouth County Correction's Medical INC. Freehold

② Plaintiff also states an 1983 Supervisory liability claim against Monmouth correction medical physician and Hashmi "Abeeruddin" the doctor personally involve in the Constitutional deprivation of Plaintiff's Fourteenth Amend. due process Rights, to Plaintiff Serious medical Needs.
The defendants; deliberate indifference and their reckless disregard is the "Proximate Cause" and "Cause of fact", in Eight Amend damages," Which resulted in mental and emotional Anguish pain and Suffering, as well as an physical permanent loss and Life long handicap. (Hip replacement) or Left total hip Arthoplasty

③ Monmouth County Correctional Institution Inmates V. LANZaro, 834 F.2d 326, 347 (3rd Cir. 1987); (Medical Need is serious if it imposes a "Life long handicap or permanent loss).

④ In Plaintiff case it resulted in Left total hip arthroplasty. Also, see Morales Feliciano V. Calderon Sierra, 300 F. Supp. 2d 321, 341 (D.P.R. 2004) ("the failure to provide appropriate post surgical care" implicates Eight Amendments rights.

⑤ Taylor V. Plousis, 101 F. Supp. 2d 255, 262 (D.N.J. 2000) ("A medical condition which threatens a plaintiff, ability to walk, even on a non-permanent basis, falls within the ambit (to walk) a Serious medical Need.")

⑥ West V. Keve, 571 F.2d 158, 161-62 (3d Cir. 1978) (pain while awaiting a delayed operation);

⑦ Johnson·El V. Schoemehl, 878 F.2d 1043, 1055 (8th Cir. 1989) (Condition that is medically serious or painful in Nature.

⑧ Washington V. Dugger, 860 F.2d 1018, 1021 (11th Cir. 1988) (denial of treatments that "eliminated pain and suffering at least temporary") ⑨ Lavender V. Lampert, 242 F.Supp. 2d 821, 845 (D.Or. 2002) ("the existence of chronic and substatial pain" itself demonstrates a "Serious medical Need"). ⑩ Thonson V. Bowers (8th Cir 1989) prison must treat a "substantial disability.)

...Also see McElligott v. Foley, 182 F.3d 1248, 1256-57 (11th Cir 1999.) (holding failure to treat severe pain could constitute deliberate indifference.) The Second Circuit had said that "a serious medical need a condition of urgency, one that may produce death, degeneration or extreme pain". Hathaway v Coughlin, 37 F.3d 63, 66 (2d Cir 1994). In Brock, However, the Court explicitly rejected the notion that only "extreme pain of a degenerative condition would suffice to meet the Legal Standard," since "the Eight Amendment forbids not only the deprivitations of medical care that produce physical torture and lingering death, but also less serious denials which causes or perpetuate pain.'" Brock, 315 F.3d at 162.

However, if the medical x-rays which i have submitted does'nt provide the courts with verifying medical evidence" needed to determine proof of the plaintiff's "serious medical need," which was made known to the defendant at the time, then i° respectfully would like the court to appoint a medical expert witness under Rule 706, Fed.R.Evid to give testimony what an reasonable doctor would do in regards to their medical findings.

As i° give you the background in coming papers i° have tried to meet the acceptane of other form of evidence in establishing some requirements other courts recognized when drafting a complaint or other court papers. I try to address the issue of "seriousness" by being very specific about the effects of the denial of medical care: how painful it was; whether its symptoms are visible; to what extent it interferes with normal activities; how long i had it; and whether it is getting worse, etc. Doing so will help make it clear to the court whether the seriousness of my condition is obvious to a lay person.

But first, i° wanted to site these cases which are the similarities of my personal condition, and symptoms in which other multiple Circuit courts have recognized the Legal Standard and Constitutional duty of medical care; and prison officials must have an adequate system for identifying prisoners with medical needs and making sure that they are diagnosed and treated. System deficiencies in staffing, facilities, or procedures which make unnecessary suffering inevitable constitute deliberate-indifference.

... And last; ⑩ McCabe v. Prison Health Services, 117 F.supp 2d 443, 452 (E.D. Pa 1997) (expert testimony is sometimes needed to show seriousness, but "No expert needs to tell a layperson that four years of suffering from chronic and severe paid in leg is serious.

In the plaintiff's case it was two yrs. A recent Second Circuit decision sums up all these factors, stating that the serious of a medical need is determined by factors including but not limited to 1) whether a resonable doctor or patient would perceive the medical need in question as important and worthy of comment or treatment;

2) ~~either~~ whether the medical condition significantly affects daily activities and;

3) The existence of chronic and substantial paid

First and foremost i understand now that in order to bring an 1983 liability claim im must first establish how the defendant is personal involved. "Cause in fact" relation.

The Third Circuit acknowledged that other circuits had developed "broader standard" for supervisory liability that rejected an "actual ~~detail~~ knowledge" requirement. According to the Second Circuit: The liability of a supervisor under 1983 can be shown in one or the following ways. 1) actual direct participation in the constitutional violation, 2) failure to remedy a wrong after being informed through a report or appeal; (which in the plaintiff case ~~be~~ the X-ray the physian Hashmi Kabeeruddin review, and spoken with on a few ocasions. 3.) Creation of a policy or custom that sanction conduct amounting to a constitutional violation, or allowing such a policy or custom ~~that sanction conduct amount~~ to continue; 4) grossly negligent supervision of subordinates who committed a violation, or 5) failure to act on information indicating that unconstitutional act were occurring. Also...

The ~~Third~~ Fourth Circuit ~~and a~~ announced a supervisory liability attaches where the plaintiff can prove the following three elements: 1) The the supervisor had actual or constructive knowledge that his subordinate was engage in conduct that posed a "pervasive and unreasonable risk" of constitutional

... Injury to Citezens. (in which The defendants are themselves The cause in fact".

2) That The Supervisor's respose to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offesive pactices.

3) That There was an affirmative causal link between the Supervisors inaction and the particular Constitutional injury suffered by the plaintiff.

Again, The Third circuit used a "Supervisory liability standard" of "actual knowledge and acquiescence", to be liable for their deliberate indifference and breach of Statutory duties which brought about Constitutional deprivations So inorder to satisfy Monell v. Dept of Social Services of "cause in fact" proof will be presented in the back ground supplemental pleadings, also medical paper work, of what is required of 1983 in order to show an causal relation, between defendant's conduct and Plaintiffs' Constitutional deprivation.

However, i cannot emphazie enough, The Eigth Amend. prohibits the unnecessary and wanton infliction of pain. In Farmer v. Brennan, 511 U.S. 825 114 S Ct. 1970 128 L Ed 811 (1994) states " There is also, an objective component: The Eighth Amendments deprivation must in fact be "Sufficiently Serious" See also Hathaway v. Coughlin, 841 F. 2d 48 (2d Cir 1988) "Claim for delay in Surgery should not have been dismissed after the Surgery was performed.

This is not a claim off the basis regarding any medical disagreement, or dissatisfaction of midical care provided to the plaintiff by the defendant. The defendant's were deliberate indifferent and reckless disregard toward the plaintiffs serious medical need and as a result suffering physicaly, emotional and mentaly, As the injury worsen over time, resulted in an Left total hip arthroplasty.

It's clear That the defendants had an Constitutional legal duty, once they had "actual knowledge and acquiescence" of x-rays, and speaking with the plaintiff, (3rd cir)

In Adam v Poag, 61 F.3d 1537 (11th cir 1995) the court stated, "That analysis of a claim of deliberate

...id difference to a prisoners serious medical Needs had two components: 1) Was there a serious medical Need; And 2.) Did defendants response constitute deliberate indifference to it.    Then went on to characterize deliberate indifference in several ways...

①Knowledge of Need For Medical Care coupled with an intentional refusal prove it, such grossly, inadequate or inadequate medical care that it shocks the conscience.

②A medical decision to take the easier and less efficacious course of treatment; (which in the plaintiff case, were only prescribe pain meds. And when plaintiff complain again to the defendant, he was given an higher medication for his painful leg. Other test, referral to specialts, and treatment which The plaintiff asked For was denied.)

③ The provision of cursory medical care when the Need for treatment is obvious.

④ And, delay in access to medical care that is the equivalent of unnecessary, and wanton infliction of pain.

The seventh circuit combined both "cause in fact" And "proximate cause", in Conner v. Reinhard, 847 F.2d 384, 396 - 97 (7th cir 1988) Where it stated For liability under section 1983, direct participaton by a defendant is Not Necessary. Any official who "causes" a citezen to be deprived of her/his constitutional rights can be held liable. The requisite causual connection is satisfied if the defendant set in motion a series of events that the defendant knew or should reasonably have known would cause others to deprive the plaintiff of their constitutional Rights. (constant denial of medical treatment to chronic Pain)

The defendant "Hashmi Kabeeruddin" a physisian employee, acting on behalf of the state pursuant to state authority, and There fore brought about Plaintiffs constitutional deprivation.

The defendant conduct was a "Cause in fact" of plaintiffs, own statutory deprivation, There's no mistaken this fact.   In Hayes v. Snyder 546 F.3b 516, 526 (7th cir 2008) "Refusal To Refer To a specialist where doctor did Not Know cause of reported extreme pain No sense and Supported deliberate indifference

Another case to prove that the defant can be held liable under 1983 is; Hildebrandt V. Illinois Dept of Natural Resources 347 F.3d 1014, 1039 (7th Cir 2003) "Can official satisfies the personal responsibility requirement of section 1983... If The conduct causing the constitutional deprivation occurs at his direction or with his knowledge and consent. That is he must know about the conduct and facilitate it, approve it, condone it or turn a blind eye... In short, some causual connection or affirmative link between the action complained about and the official sued is neccessary for 1983

Personal involvement requirement in the context applied to Fourteenth Amendment violation means an constitutional requirement. The threshold is wether the defendant owed the plaintiff a Fourteenth Amendment Dutt. And if they violated the applicable constitutional provision.

also see That majority of courts New standard used to assess The Legal Duty of Care medical providers and others.

... Nahmod, Constitutional Accountability in 1983 litigation, 68 Iowa L. Rev 1 (1982). Also, Supreme Court has also stated generally that state prisoners "Enjoy a right of action against private correctional providers under 42 U.S.C. 1983.

... In conner V. Donnelly, 42 F.3d 220, 223 (4th cir 1994) The court states "Regardless of the physians employment re- lationship with the state, any physician Authorized by the state to provide medical care to prisoners exercises power that is traditio- nally the exclusive perogative of the state. If the physician abuses This power by demonstrating deliberance indifference to the prisoners serious medical needs. The prisoner suffers a depri- vation under color of state law, Not because the state has inearcerated the prisoner and denied him the possibility of obtaining medical care on his own.

Again returning to West V. Atkins, 487 U.S. 108 S.Ct, 2250 101 L. Ed. 2d 40 (1988) The Supreme Court held that "a physician who is under contract with the state to provide medical services to inmate at a state-prisoner hospital on an part time basis acts "under color of state law... when he treats an inmate.

And it rejected as wrong the fourth Circuits reading...

... of Polk Count as standing for the proposition "That professionals do not act under color of state Law when they act in the professional capacities. Rather, the United States emphasized that the defendant was clothed with the authority of state Law when he treated the plaintiff, that the state was under a constitutional duty to provide medical care to those in its prisons, and that the part-time contractual nature of the arrangement between the state and the defendant did not alter this color of Law conclusion. Again see

Conner v. Donnelly 42 F3d 220, 221 (4th cir 1994) At 225 Thus the private physician to whom a prisoner is referred by the state, and who knows of the prisoner's status as such, "voluntarily assumes the state's obligation to provide medical care to inmates. 42 F3d at 226.

*Pursuant to satisfying the requiredments of 1997 e(e). The Plaintiff's x-ray and physical condition showed more than an de minimis.

final point. In regards to 1983 Respondeat Superior liability claim against "Monmouth Correction medical inc" is that the defendant "Hasmi Kabeeruddin" the Physisian, was the "cause in fact" relation for monmouth Correction's medical provider and said to represent official Policy. ~~Entity~~ The Supreme Court emphasis on Causation in

Monell v. Department of Social services. monell indicated that a local goverment body is a "cause in fact" of a Plaintiffs Constitional deprevation, and may thereby may be held liable for deprivation only when execution of a goverment policy or custom, whether made by its lawmakers or "by those whose edicts or acts," ("Hasmi Kabeeruddin") may fairly BE SAID TO REPRESENT OFFICIAL POLICY, INFLICTS THE INJURY. Monell also observed as to local goverment and supervisory or superior liability.

This is the grounds in which Plaintiffs has Stated an 1983 Respondeat superior liability claim against "Monmouth Correction Medical Inc." See Also. Nahmod, Constitutional Torts, over deterrance and Supervisory ...

. . . Liability after Iqbal. 14 Lewis Clerk L. Rev 279 (2010) (Fourteenth Amend.) This is the Constitutional approach several circuits used in order to identify specifically what supervisors fail to do. Third circuit uses the "Actual Knowledge and acquiesence". New Jersey Supreme Court decision uses the "Intermediate Standard," "Recklessness or deliberate indifference", (some courts say its a question for the Jury), see HA the way v. Conklin Fourth circuit put Estelle's deliberate indifference for medical care this way: Continue For above, Deliberate indifference may be demonstrated by eigther actual intent or reckless disregard. A defendant acts recklessly by disregarding a substantial risk of danger this is eighter known to the defendant or which would be apparent to a reasonable person in the defendants position.

To Note, The Third circuit does acknowledge that other circuits develop an broader standard for supervisory liability that rejected an "actual knowledge and acquiescene" requirement. And Second circuit 1983 liability states several of them one being "actual direct". However, all courts agree to "joint Causation".

To Note However, "1983 should be read against the background of tort liability (Tress pass on the case) that makes a man responsible for the nature consequences of his actions. And Negligence is Actionable under 1983.

Also, "Cause in fact" is a crucial element see Monell v. Department of Social Services. Because the "cause in fact" gives rise to the defendants Duty; See also local goverment liability under 1983 and "Cause in fact" After Monell

In conclude i like to note for the Court I am an Pro-se litigant, and cannot be exspected to be held to a higher stringent standards than formal pleadings drafted by lawers, if so than i respectfully ask the Court to appoint Plaintiff with Counsel. According pursuant to "Pleading 130" "Failure To State a Claim"

* A complaint should not be dismissed for failure to to state a claim unless it appears be yound doubt that the Plaintiff can prove no set of facts in support of his claim. . . .

... Which would entitle him to relief.

In Pleadings 130 - Pro se Complaint; States..

...1) The United States Supreme Court hold allegations, of a pro se complaint to less stringent standards than formal pleadings drafted by lawyers.

Also see. In Civil Rights 10; Pleading 179 solitary Confinement.

Plaintiff thereby sends copies of medical reports to officer, proof of serious medical need.

The x-ray in Monmouth County That the defendant acknowledges according to his findings. And x-rays of South wood findings also The Preoperative Diagnoses Report as proof of what Treatment was perscribe. "Under the Constitution, Prison officials need provide care only for "Serious medical needs". Many Courts have held that a serious medical need is one that has been diagnosed by a physician as mandating treatment or one this is so obvious that even a lay person would easily recognize the necessity of a doctor's attention.

However, the Eighth Amendment prohibits the unnecessary and wanton inflictiod of pain.

Again a Respectfully ask the Court to appoint an medical expert witness under Rule 706, Fed. R. Evid, To review these medical papers in order to provide very verifying medical evidence" in their professional Diagnosis's to define to the Courts wether The Plaintiff, did have a serious medical need; and whether The defendant's had a Constitutional Duty to Treat it.

Thank You.

Cordially,

Dorel Freeney pro-se litigant.

History:                    10 of 12

I. BACKGROUND'

① On June 29, 2015, Plaintiff was taken to Monmouth County Correctional Facility Following his release from Bayshore Hospital after a car crash. He sought medical attention from providers at the Jail regarding Left pain, for which he was given medication. After constantly complaing about my hip, and droping medical slipps requesting for X-Ray i wrote an greivance to Clinic Supervisor. Six month after i enter the jail, i was given X-ray of left hip Dec 2, 2015.

② A few months went by, so he drop a slip about the results. Since he wasn't ever called for an follow up, The plaintiff was charghed for medical cost. However, eventually he would be called down to medical. He met with the same physisian The defendant, Hashim Kabecruddin, who ordered the X-ray. The defendant had the plaintiff walk, then do other Leg Liefts which was unbearable for Plaintiff.

③ The defendant order ibprophen 600. I tooken them as ordered. Doctor informed me he seen nothing in X-ray, and that it's just a healed fracture from a screw put in your hip, I asked, to be refered for other test, or ortho. At this time I was severally limp side ways when I stood or walks. I could not walk more than 10 ft with out having to stop because of the pain. I could only sit on my right side. At Night eighter side was unbeable unless a slept on my back. The nerves in left leg would also shoot through my left leg in scrutinany pain.

④ This caused or was the proximate cause of mental and emotion pain and anguish. A eventually seen the physisian again and exsplain that the pain is just unbearable. I express to him something is totally wrong. I asked if he would take other M.R.I or referal me to specialts because i beleive that the X-ray's might not show everything.

⑤ However, only thing he said that my hip was healing, and that he could give me Naproxen. I ask for an cane to accomodate my disability, he stated he seen no use for it. So i continue to take the meds as proscribe, and trust the Doctors medical proffesional opion.

## II. Background

In Mar. 2017 I got sentence and eventually got send to Southwoods. The Order of medication followed me. I asked The NP, at the time Ms. Lisa Mills about ortho, pedic shoes to accomodate my disability to walk. Then she asked me to walk. She observed the walking. I told her that I had taken X-ray in the County. She ordered the X-ray results in the County, Then Order an S.W.S.P. X-ray.

The X-ray taken date 09/06/2017. Ms. Lisa Mills called me directly back for follow, and refered me for an Ortho Consol. I signed some papers for consultant. A month or Two later, I spoke with Scott Miller, MD tho. He exsplained that my hip was disformed, and that the screw had broke off From it's attached ment and that PF it would take the surgery they would have to look for it.

He also exsplained that my hip was subsequently dislocated also, that I was suffering from severe osteoarthritis, and also I have a slipped capital fermoral physis and that the Removal of deep hardware of left hip. I asked, "Doc what are you saying? He said "You need a total hip arthoplasty". Could there have been Lesser mesures or options had it been diagnos before hand properly, such a Bone grafting, but instead The deliberate indifference or reckless disregard by The defendant and others of plaintiff serious medical needs, is a question left for The medical Expert witness Fed. R. 706, and Jury.

### reif Sought

Plaintiff seeks Compensatory damages and Punitive damages for mental and Emotodal suffering which is the proximate cause of The Constitutional deprivation from defendants, And Ei 6th Amendment damages.

See Mandel v Doe. 888 F.2d 783. 787 C11th cir 1989

OR. Hathaway v. Coughlin, 37 F.3d 63 (2d Cir. 1994)

OR Consolo v. George. 58 F.3d 791. 795 C1st cir 1995.

III... However, another possible approach to 1983, called the Background Negligence/causation approach, must also be addressed. Under this interpation of 1983, a supervisor need not personally violate the plaintiffs constitutional rights, (monmouth canty medical), but where a subordinate does, (the physician) it is sufficient for supervisory liability that the supervisor acted, say, negligently with recless or dis regard to prevent the subordinate from violating the plaintiffs constitutional rights. The supervisor could be liable because, under this interpretation, 1983 itself impose such a duty on the supervisor to prevent harm, irrespective of the state of mind required for the particular constitutional violation.

The Third Circuit declared that it was confident, in light of City of Canton, that "the standard of individual liability of supervisory public officials will be found to be no less stringent than the standard of liability for the public entities that they serve. See also; Jones V. City of Chicago, 856 F.2d 985, 992-93 (7th Cir. 1988)" The supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act eighter Knowingly or with deliberate, reckless indifference.

And dispite that my x-rays showed severe degenerated and cronic changes as well Limping agaited an soft tissuing swelling The defendant refuse to refer me to Ortho to determine, the relevance of the condition in order to treat the injury.

He express to me it was healing, not as the south wood Ortho state" It's degenerative, and "severe osteoarthritis, and I had a dislocated hip, And slipped capital fermoral physis and oh! the screw was broken, (as it was in the Farmer V Brennan, case applied eighth Amendment damages action against the defendants prison doctor for deliberate indifference to his serious medical needs. The inmate had a degenerative hip condition that required surgery before his incarceration. Once in prison he was in constant pain that was ultimately discovered to be caused by broken pins, a fact not disclosed to him by the defendant. The second circuit found in the case before it that wether the defendant was deliberately, indifferent was a jury question.)(see Hathaway V. Coughlin, 87 F. 3d 63 (2d Cir. 1994). (It's my story, 10 times over).

Darrell Freeman   932683-B
215 Burlington Rd.   1163525
Bridgeton NJ 08302   S.W.S.P.

RECEIVED
AUG 03 2008
WILLIAM T WALSH CLERK
M

Clerk U.S. District Court
402 E. State St Room 2020
Trenton NJ 08608

ZIP 08302
011D11648001