**WRONKO LOEWEN BENUCCI**
Michael Poreda, Esq. (025492010)
69 Grove Street
Somerville, NJ 08876
Telephone: (908) 704-9200
Cell: (908) 704-9291
e-Mail: poreda@poredalaw.com.com
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DONELL FREEMAN,<br><br>*Plaintiff*,<br><br>vs.<br><br>KABEERUDDIN HASHMI, M.D., KEVIN MCDONNELL, M.D., DR. JOHN DOE, M.D., MONMOUTH COUNTY CORRECTIONAL INSTITUTION, DONALD SUTTON, JOHN DOES A-E, CORRECT CARE SOLUTIONS LLC d/b/a WELLPATH, COUNTY OF MONMOUTH, DEPARTMENT OF CORRECTIONS,<br><br>*Defendants*. | Docket No. 3:18-cv-7802<br><br><u>Civil Action</u><br><br>**SECOND AMENDED COMPLAINT** |

Plaintiff, Donell Freeman, by way of Complaint against Defendants, says as follows:

1

**JURISDICTION AND VENUE**

1.) This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the question arises under the laws and Constitution of the United States, namely whether Defendants violated Plaintiff's rights under the U.S. Constitution.

2.) This Court has jurisdiction over state law claims herein presented pursuant to 28 U.S.C. § 1367 because the claims are part of a case over which the court has federal question jurisdiction.

3.) Venue is properly laid in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because all relevant events took place in New Jersey.

**THE PARTIES**

4.) Plaintiff Donell Freeman is an inmate at Northern State Prison, 168 Frontage Road, Newark, NJ 07114.  His SBI is 932683B.

5.) Defendant Monmouth County Correctional Institution ("MCCI") is prison facility located at 1 Waterworks Road, Freehold, NJ 07728.

6.) Defendant Donald Sutton is the warden of MCCI.

7.) John Does A-E are supervisors at MCCI.

8.) Defendant Correct Care Solutions, LLC d/b/a Wellpath ("Wellpath") is a private company headquartered at 1283 Murfreesboro Road, Nashville, TN 37217.  Wellpath is in the business of providing medical services to prisoners.  On information and belief, Wellpath was a contractor of MCCI.

9.) Defendant Kabeeruddin Hashmi, M.D. is an employee of Wellpath and/or MCCI.

10.) Defendant Kevin McDonald, M.D. is an employee of Wellpath and/or MCCI.

11.) Defendant Dr. John Doe, M.D. is an employee of Wellpath and/or MCCI.  Dr. John Doe, M.D. is a male who, on information and belief, is an immigrant from Africa.

12.)   Defendant County of Monmouth is, on information and belief, the entity which controls and is responsible for MCCI.

## FACTUAL BACKGROUND

13.)   Plaintiff is a male whose date of birth is December 25, 1975.

14.)   At about age 14, Plaintiff injured his hip.  A screw was surgically implanted in his hip in order to treat the injury.

15.)   In 2011, Plaintiff was serving a sentence at Northern State Prison.

16.)   On August 23, 2011, Plaintiff fell off the bunk in his cell during the earthquake that affected the Northeastern United States on that day.

17.)   When he struck the floor, Plaintiff felt something in his hip slip out of place, and he began to experience hip pain.

18.)   X-rays were taken at Northern State Prison in 2012 and 2013.

19.)   In 2015, Plaintiff was released from Northern State Prison.

20.)   Plaintiff experienced significant problems finding and keeping a job due to the mounting pain in his hip.

21.)   On June 29, 2015, Plaintiff, intoxicated on an unknown substance that was given to him by a friend, grabbed the cash register from a supermarket after a disagreement with the cashier arose about the amount of money on a debit card.  Plaintiff then exited the store with the cash register.

22.)   After taking the cash register, he got into a friend's car and drove away from the supermarket.

23.)   Plaintiff crashed the car.

24.)   After the car crash, he was arrested and taken to Bayshore Hospital for treatment because of injuries that included severe pain in his hip.

25.)   At Bayshore Hospital, x-rays of Plaintiff's hip were taken, and doctors ordered follow-up x-rays to be taken by the prison facility to which Plaintiff was transferred.

26.)   Plaintiff was transferred to MCCI.

27.)   At MCCI, Plaintiff was given Motrin, but not an x-ray.

28.)     Plaintiff was in severe and excruciating pain.

29.)     Plaintiff let medical staff know that the Motrin did nothing to help the pain.

30.)     His leg would jerk involuntarily.

31.)     He would wake up crying from the pain.

32.)     He experienced numbness in his leg.

33.)     Plaintiff would feel his hip "pop out of place."

34.)     The pain was so excruciating and unremitting that Plaintiff developed mental illness and was given psychiatric drugs.

35.)     Plaintiff experienced serious problems with mobility due to the pain.

36.)     Plaintiff's ability to go up and down stairs was extremely compromised, and the ordeal of the stairs was incredibly painful.

37.)     Plaintiff experienced difficulty showering due to the pain, and as a result, he could not appropriately shower.

38.)     After six months of excruciating pain, an x-ray was finally taken.

39.)     Kevin McDonnell, MD, who interpreted the x-ray, stated in his interpretation: "deformity of the left hip acetabulum.  Chronic.  Severe degenerative changes."

40.)     Treating doctors at MCCI lied about the x-ray, telling Plaintiff that the pain he was experiencing was just the result of an old fracture that had healed.

41.)     Sure that there was a serious problem, Plaintiff requested follow-up diagnostics.

42.)     All requests were denied.

43.)     Plaintiff requested to be placed in a medical wing where there were toilets and showers for disabled inmates and no stairs.

44.)     This request was denied.

45.)     Plaintiff requested a wheelchair, cane, or permission to use the bottom bunk.  These requests for reasonable accommodation were all denied.

4

46.) For two years, Plaintiff was disabled, living in agony, and yet the prison did nothing to accommodate the disability or attend to the pain.

47.) In April 2017, Plaintiff was transferred to South Woods State Prison.

48.) At South Woods, a nurse, upon observing Plaintiff attempt to walk, immediately ordered an x-ray.

49.) The x-ray demonstrated that Plaintiff's hip was severely deformed, that the screw in his hip had come loose, and that he needed a complete hip replacement.

50.) On December 12, 2017, Plaintiff underwent a total hip replacement at St. Francis Hospital.

51.) During the surgery, surgeon Scott Miller, M.D. noted "significant adhesions" that had to be broken up with a Cobb elevator.

52.) The surgeon struggled to remove the screw that was deeply embedded in soft tissue.

53.) During surgery, Plaintiff was implanted with the Zimmer Biomet Taperloc device.

## COUNT I
### Eighth Amendment – Deliberate Indifference to a Serious Medical Condition
### (42 U.S.C. § 1983 )

54.) Plaintiff has a right under the Eighth Amendment of the Constitution to be free from cruel and unusual punishment.

55.) Cruel and unusual punishment may take the form of deliberate indifference to a serious medical condition.

56.) Severe pain is a serious medical condition.

57.) Plaintiff let Defendants Hashmi, McDonnell, and Dr. John Doe. M.D. know repeatedly that he was in severe pain and that the only treatment they provided, Motrin, was completely ineffective.

58.) Defendant Hashmi was deliberately indifferent to Plaintiff's serious medical need by ignoring blatant evidence that Plaintiff was in severe pain and needed additional diagnostics and/or treatment to alleviate the severe pain.

59.)     To wit, Defendant Hashmi read the x-ray report of Dr. McDonnell that noted "deformity" and "severe degenerative changes."  Nevertheless, Hashmi wrote off Plaintiff's limping as the result of "mild" pain and refused to pursue any remedial treatments other than medications which he knew were totally ineffective.

60.)     Defendants Hashmi and Dr. John Doe, M.D. were deliberately indifferent to Plaintiff's serious medical condition by ignoring blatant evidence that Plaintiff was in severe pain and needed additional diagnostics and/or treatment to alleviate the severe pain.

61.)     Warden Donald Sutton was personally involved in the deliberate indifference to Plaintiff's serious medical condition by denying Plaintiff's requests for treatment and/or ratifying policies and/or decisions that forbid the doctors from attending to Plaintiff's severely painful condition.

62.)     John Does A-E were supervisors at MCCI who were personally involved in the deliberate indifference to Plaintiff's serious medical condition by denying Plaintiff's requests for treatment and/or ratifying policies and/or decisions that forbid the doctors from attending to Plaintiff's severely painful condition.

## COUNT II
## Medical Malpractice

63.)     Defendants Dr. Hashmi, Dr. McDonnell, and Dr. John Doe were negligent in the diagnosis and treatment of Plaintiff's serious medical condition.

64.)     The negligence of these Defendants resulted in Plaintiff becoming disabled and suffering in extreme pain for two years.

65.)     Wellpath is responsible via the principle of respondeat superior for the negligence of its doctors.

## COUNT III
## Americans with Disabilities Act
## (42 U.S.C. § 12101)

66.)     Prison officials employed by MCCI denied Plaintiff reasonable accommodations that would have permitted him equal access to the prison facilities.

67.)   These denials included denial of living in a prison ward without stairs, denial of the use of a handicap-accessible shower, denial of the use of a lower bunk, denial of the use of a wheelchair, denial of the use of a cane, and other denials.

68.)   These denials violated the Americans with Disabilities Act.

69.)   Kabeeruddin Hashmi, M.D. was directly responsible for denying Plaintiff reasonable accommodations.

70.)   Kevin McDonnell, M.D. was directly responsible for denying Plaintiff reasonable accommodations.

71.)   Dr. John Doe, M.D. was directly responsible for denying Plaintiff reasonable accommodations.

72.)   John Does A-E are supervisors and/or prison employees who were directly responsible for denying Plaintiff reasonable accommodations and/or created policies which denied Plaintiff reasonable accommodations.

73.)   Donald Sutton was directly responsible for denying Plaintiff reasonable accommodations and/or creating policies denying Plaintiff the rights to reasonable accommodations.

74.)   MCCI, County of Monmouth, Department of Corrections – State of New Jersey, and/or State of New Jersey are vicariously liable under the Americans with Disabilities Act for the illegal acts of their employees.


**COUNT IV**
**New Jersey Law Against Discrimination**
**(N.J.S.A. 10:5-12)**

75.)   Prison officials employed by MCCI denied Plaintiff reasonable accommodations that would have permitted him equal access to the prison facilities.

76.)   These denials included denial of living in a prison ward without stairs, denial of the use of a handicap-accessible shower, denial of the use of a lower bunk, denial of the use of a wheelchair, denial of the use of a cane, and other denials.

77.)   These denials violated the New Jersey Law Against Discrimination

78.)   Kabeeruddin Hashmi, M.D. was directly responsible for denying Plaintiff reasonable accommodations.

79.)   Dr. John Doe, M.D. was directly responsible for denying Plaintiff reasonable accommodations.

80.) John Does A-E are supervisors and/or prison employees who denied Plaintiff reasonable accommodations and/or created policies which denied Plaintiff reasonable accommodations.

81.) Donald Sutton denied Plaintiff reasonable accommodations directly and/or created policies that denied Plaintiff the rights to reasonable accommodations.

82.) MCCI, County of Monmouth, Department of Corrections – State of New Jersey, and/or State of New Jersey are responsible under the Law Against Discrimination for the illegal acts of their employees.

**Wherefore,** Plaintiff Donell Freeman demands judgment against Defendants, together with court costs, applicable statutory attorney fees, and other such relief as the court may deem just and appropriate.

_____
MICHAEL POREDA, ESQ.
*Attorney for Plaintiff*

Date: December 29, 2019

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

## DESIGNATION OF COUNSEL

Michael Poreda, Esq. is hereby designated as trial counsel.

## CERTIFICATION PURSUANT TO L.Civ.R. 11.2

I certify that to the best of my knowledge and upon information and belief, the matter in controversy is not related to or the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

_____
MICHAEL POREDA, ESQ.
*Attorney for Plaintiff*

Date: December 29, 2019