**MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, P.C.**

NEW JERSEY OFFICE
*Cherry Tree Corporate Center*
*Suite 501*
*535 Route 38 East*
*Cherry Hill, NJ 08002*
*(856) 663-4300 Fax: (856) 663-4439*

www.moodklaw.com

*Melissa J. Brown*
Member NJ & PA Bars
mbrown@moodklaw.com

December 29, 2020

*Via Electronic Filing*
The Honorable Zahid N. Quraishi
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

> RE: Donell Freeman v. Kabeeruddin Hashmi, M.D. and Correct Care Solutions LLC, d/b/a WellPath, et al.
> Docket No.: 3:18-cv-7802
> D/A: 8/23/11
> Our File No.: 1275-107074 (MJB/KTS)

Dear Judge Quraishi:

This office represents Defendants, Wellpath, LLC f/k/a Correct Care Solutions, Kabeeruddin Hashmi, M.D., and Daniel Unachukwu in the above-captioned matter. Please accept this correspondence as Defendants' response to Plaintiff's December 28, 2020 letter.

1. Plaintiff's demand for more specific answers to interrogatories served on Wellpath/Hashmi

On December 29, 2020, my office served responses to Plaintiff's demand for more specific answers to interrogatories. Accordingly, Plaintiff's first discovery dispute is moot.

2. Plaintiff's second set of interrogatories to Dr. Hashmi

Dr. Hashmi's Answers to Interrogatories #1, 4, 8, and 11 are fully responsive. With respect to Interrogatory #1, Plaintiff's interrogatory is vague and incapable of response in its current form, as Plaintiff failed to define the phrase "highest Wellpath authority." Without waiving said objection, the issue of who Dr. Hashmi currently reports to is wholly irrelevant to Plaintiff's allegations against Dr. Hashmi for the timeframe of 2015 through 2017. As Plaintiff is fully aware, Dr. Hashmi was the Medical Director at MCCI during all times relevant to the Complaint. Notably, Wellpath no longer employs Dr. Hashmi. The identity of personnel at MCCI and the scope of their responsibilities is not within the custody and control of Dr. Hashmi.

{NJ169580.1}

| Philadelphia | Pittsburgh | New York | Westchester County | Wilmington | Towson |
| --- | --- | --- | --- | --- | --- |
| Pennsylvania | Pennsylvania | New York | New York | Delaware | Maryland |

Marks, O'Neill, O'Brien, Doherty & Kelly, P.C.
Page 2

Regarding Interrogatory #4, Plaintiff seeks information that is wholly irrelevant to the claims asserted against Dr. Hashmi. According to Plaintiff in his December 28, 2020 letter, this Interrogatory relates to an alleged complaint made by a former nurse to Plaintiff in September of 2020 concerning an individual named "Rick." Notably, the substance of the complaint concerns someone other than Dr. Hashmi, and there is no indication in Plaintiff's recent letter that Dr. Hashmi was in any way involved in or aware of "Rick's" alleged behavior. Answering Defendant has no knowledge of who Plaintiff is referring to identified as "Rick". Additionally, the complaint was purportedly made in September of 2020, whereas the timeframe relevant to the allegations against Dr. Hashmi concern the years 2015 through 2017. Consequently, this Interrogatory is not calculated to lead to the discovery of admissible evidence with respect to Dr. Hashmi and seeks knowledge outside his possession.

Dr. Hashmi's objection to Interrogatory # 8 is also sound. A review of this Interrogatory indicates Plaintiff is asking Dr. Hashmi to conclude that "Kevin McDonnell is responsible for the medical neglect of Plaintiff." Such terminology plainly invokes a legal conclusion and expert opinion. This interrogatory is inappropriate. Further, even if the Court considered this Interrogatory to be a factual question, Dr. Hashmi has not been identified as an expert in this case. Dr. Hashmi will serve expert opinions addressing the standard of care and, to the extent appropriate, any deviations through the course of discovery. Notably, the burden of proof rests with Plaintiff and not Defendants.

In regard to Interrogatory # 11, Dr. Hashmi's response is complete. In response to the Interrogatory, Dr. Hashmi plainly stated that for offsite specialist care, he must coordinate with personnel from the Monmouth County Department of Corrections. Information concerning the identity of those personnel and the scope of their responsibilities in not within Dr. Hashmi's custody or control. Plaintiff has already issued discovery requests and a subpoena to Monmouth County, the party in possession of that information.

3. Plaintiff's supplemental demand for documents from Wellpath

Plaintiff's demand for documents in Request # 3 seeks information in the custody and control of Monmouth County. Answering Defendants are not in possession of the documents and cannot produce same. In his December 28, 2020 letter, Plaintiff concedes that he has already sent Monmouth County a subpoena, thereby acknowledging that this is the proper means for obtaining the documents he seeks. Plaintiff is the party asserting a claim against Defendants; accordingly, it is his responsibility to propound discovery to support his allegations from the appropriate entities.

{NJ169580.1}

Marks, O'Neill, O'Brien, Doherty & Kelly, P.C.
Page 3

4. <u>Plaintiff's demand for more specific answers to interrogatories served on Monmouth County</u>

This particular demand concerns other parties. Accordingly, no response is required from Answering Defendants.

                                      Respectfully submitted,

                                      **MARKS, O'NEILL, O'BRIEN,**
                                      **DOHERTY & KELLY, P.C.**

                                      *Melissa J. Brown*
                                      Melissa J. Brown, Esquire

MJB/KTS
cc:    Michael Poreda, Esquire (*Via E-Courts*)
        Thomas Reardon, III, Esquire (*Via E-Courts*)

{NJ169580.1}